UNITED STATES DISTRICT COURT
SOUNTHERN DISTRICT OF NEW YORK
_____/

BOAT OWNERS ASSOCIATION
OF THE UNITED STATES,

        Plaintiff,

vs.

RICHARD A. DOSIN Jr. and DOSIN'S
TOWING, INC.,

        Defendants.
_____/

12 cv

COMPLAINT FOR INJUNCTIVE RELIEF

12 CV 1815

    Plaintiff, BOAT OWNERS ASSOCIATION OF THE UNITED STATES (hereinafter "BoatU.S."), through undersigned counsel, as and for its Complaint against Defendants RICHARD DOSIN and DOSIN'S TOWING, Inc., for immediate and permanent injunctive relief, and alleges as follows:

### THE PARTIES

1.    Plaintiff is a non-stock corporation organized and existing under the laws of the District of Columbia with its principal place of business in Alexandria, Virginia.

2.    Defendant Richard A. Dosin, Jr. is a citizen of the State of New York residing in Westchester County, New York.

3.    Defendant Dosin's Towing, Inc. was at all relevant times a corporation organized and existing under the laws of the State of New York with an office and principal place of business at 12 Southside Avenue, Hastings-On-Hudson, New York, 10706.

### JURISDICTION AND VENUE

4.    This is an action for immediate and permanent injunctive relief arising under the

1

Trademark Act of 1946, 15 U.S.C. §§1051 *et seq.*, New York General Business Law §360 *et seq.* and the New York Common Law for service mark infringement and/or dilution.

5.      All of the acts giving rise to the claims set forth in this Complaint occurred in Westchester County, New York so that jurisdiction and venue are proper in this Court.

## FACTS

6.      At all times material, Plaintiff was engaged and is still engaged in providing an extensive line of services to recreational boaters throughout the United States, which include boat insurance, safe boating information and boat towing services.

7.      Plaintiff is the owner of the "TowBoatU.S." service mark which was registered on the principal register in the United States Patent and Trademark Office under Registration No. 2,231,633, Registration No. 2,356,475 and Registration No. 2,623,991.

8.      The "TowBoatU.S." service mark consists of the wording "TowBoatU.S." and "BoatU.S." and the design of a buoy on a red background, an example of which is shown below:



9.      The "TowBoatU.S." service mark is highly distinctive and well recognized throughout the boating community.

10.     Plaintiff first began using this service mark in commerce in 1992 and has used it continually since that time.

11.     Plaintiff provides towing services through an extensive network of independent companies licensed to use the "TowBoatU.S." name in their business operations.

12.     A boat bearing the "TowBoatU.S." service mark is depicted below:



13. There are several important commercial benefits which derive from the "TowBoatU.S." service mark and brand, such as:

(1) "TowBoatU.S." licensees are the preferred service providers for BoatU.S. members. BoatU.S. currently has approximately 500,000 members in the United States;

(2) "TowBoatU.S." licensees benefit from a national advertising campaign and name recognition of the service mark and name and associated goodwill;

(3) "TowBoatU.S." licensees receive business through the BoatU.S. Dispatch Center which provides dispatch for towing services 24-hours a day 7-days per week; and

(4) "TowBoatU.S." licensees are able to direct bill BoatU.S. for vessel towing services provided to BoatU.S. members.

14. Richard Dosin and Dosin's Towing, Inc. ("Dosin" or "Defendants") were the "TowBoatU.S." licensee in Hastings-on-Hudson, New York pursuant to a TowBoatU.S. License Service Agreement effective August 17, 2005 (the "LSA").

15. Pursuant to the LSA, Dosin had the "TowBoatU.S." service mark (signage and graphics) affixed to its towing boat.

16. On September 24, 2008, Plaintiff decided to non-renew the LSA with Dosin upon its expiration on November 20, 2008.

17. Plaintiff requested Dosin to remove all "TowBoatU.S." signage and graphics from all of its boats, vehicles and office(s) after termination of the LSA.

18. Dosin has failed and refused to remove the "TowBoatU.S." service mark from its boat despite several requests by Plaintiff.

19. Since Dosin's termination in November 2008, Dosin's boat still bears the "TowBoatU.S." service mark.

20. On November 17, 2011, Plaintiff once again instructed Dosin to remove all "TowBoatU.S." signage and graphics from Dosin's towing vessel.

21. Dosin is not authorized to use or display the "TowBoatU.S." service mark and doing so constitutes unlawful infringement.

22. Dosin's unlawful use of the "TowBoatU.S." service mark is likely to confuse consumers of vessel towing services by making them believe Defendants are associated with "TowBoatU.S." and BoatU.S., when they are not.

23. Plaintiff will suffer irreparable harm if Defendants are not required to immediately remove the "TowBoatU.S." service mark from the towing vessel and to cease using the Plaintiff's protected service mark in commerce.

24. Plaintiff has no adequate remedy at law.

WHEREFORE, BOATU.S. requests the following relief:

(a.) Immediate temporary injunctive relief requiring Defendants to remove the "TowBoatU.S." service mark, signage and graphics from the vessel;

(b.) Immediate temporary injunctive relief prohibiting Defendants from using the boat bearing the "TowBoatU.S." service mark in commerce;

(c.) A permanent injunction perpetually restraining and enjoining Defendants' use of the "TowBoatU.S." service mark or any colorable imitation of it in association with towing services not authorized by the Plaintiff;

(d.) Award Plaintiff the cost of this action; and

(e.) Award further relief deemed proper under the circumstances.

Dated: March 8, 2012

RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for BOAT OWNERS ASSOCIATION
OF THE UNITED STATES

By: /s/
James E. Mercante, Esq.
Michael E. Stern, Esq.
292 Madison Avenue
New York, New York  10017
(212) 953-2381

5