UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————/

BOAT OWNERS ASSOCIATION
OF THE UNITED STATES,                          12 cv 1815 (ER)

    Plaintiff,                          DECLARATION OF
                                                MICHAEL E. STERN

   vs.

RICHARD A. DOSIN, Jr. and DOSIN'S
TOWING, INC.,

    Defendants.

———————————————————/

  I, MICHAEL E. STERN, an attorney duly admitted to practice law in the courts of this

State declares under penalty of perjury under the laws of the United States of America that:

  1.  I am a partner with the law firm of RUBIN, FIORELLA & FRIEDMAN LLP,

attorneys for plaintiff BOAT OWNERS ASSOCIATION OF THE UNITED STATES and am

fully familiar with the facts and circumstances herein, the source of my knowledge being the

files maintained in this office.

  2.  I submit this Declaration in support of BoatU.S.'s order to show cause seeking

an order of Contempt against defendants Richard A. Dosin, Jr. and Dosin's Towing, Inc.

resulting from defendants' failure to remove the "TowBoat U.S." service mark, signage and

graphics from defendants' towing vessel, vehicle(s), office(s) and other property, and to provide

photographic evidence of said removal, as directed by this Court's Order Granting Preliminary

Injunction issued April 25, 2012.

  3.  Plaintiff commenced this action for injunctive relief by filing a Complaint on

March 12, 2012.  A copy of the Complaint and affidavits of service are annexed as Exhibit A.

4.      On March 19, 2012, Plaintiff moved by Order to Show Cause for a preliminary and permanent injunction ordering Defendants to immediately remove the 'TowBoatUS' service mark, signage and graphics from any towing vessel, vehicle, office or other property of Defendants and enjoining Defendants' use of the 'TowBoatUS' service mark or other colorable imitation of the mark in association with towing services not authorized by Plaintiff.

5.      This Court entered the Order on March 19, 2012, and directed Defendants to file any opposition to Plaintiffs request by March 30, 2012, and to show cause before the Court on April 5, 2012 why on order granting the requested relief should not be entered.  A copy of the Order to Show Cause and affidavits of service are annexed as Exhibit B.

6.      Defendants did not file any opposition to Plaintiffs request for injunctive relief.

7.      The Court held a show cause hearing on April 5, 2012, at which hearing Defendants failed to appear.

8.      Defendants have not answered, moved or otherwise appeared in connection with the Complaint. Defendants are in default.

9.      The Court having considered Plaintiffs complaint, the Declaration of Adam Wheeler and the exhibits annexed thereto, found that Plaintiff BoatU.S. is the owner of the valid, registered service mark 'TowBoat U.S.' with the exclusive right to use the mark in commerce, and that Defendants' unauthorized use of Plaintiffs mark is likely to cause confusion among consumers, and result in irreparable harm to Plaintiff in the absence of injunctive relief.

10.      The Court issued an Order Granting Preliminary Injunction on April 25, 2012,

that (i) ordered Defendants to remove the"TowBoatUS" mark within ten days of service of the Order and to provide photographic evidence of such removal to Plaintiff; (ii) preliminarily enjoined Defendants' use of the "TowBoatUS" service mark or any colorable imitation in commerce or in association with towing services not authorized by Plaintiff.  A copy of the Order is annexed as Exhibit C.

11.    Plaintiff served a copy of the Order Granting Preliminary Injunction on Defendants on April 27, 2012.  A copy of the Affidavits of Service is annexed as Exhibit D.

12.    Defendants have failed to remove the"TowBoat US" mark from its vessel and to comply with the other provisions of the Order Granting Preliminary Injunction.

13.    In light of Defendants default in answering the Complaint, Plaintiff is entitled to entry of an Order Granting Permanent Injunction.

14.    In light of Defendants failure to comply with the Order Granting Preliminary Injunction of this Court, Plaintiff is entitled to entry of an order of Contempt.

Dated: June  2012

Michael E. Stern